**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**ELIZABETH MARINARO**, an individual,

Plaintiff,

v.

**ARTHREX, INC.**, a Delaware corporation,

Defendant.

**CIVIL ACTION**

**Case No. 2:26-cv-2811**

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **ELIZABETH MARINARO** ("MARINARO" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA") for: (1) sex discrimination in violation of Title VII; (2) retaliation in violation of Title VII; (3) sex discrimination in violation of the FCRA; and (4) retaliation in violation of the FCRA.

## PARTIES

2. Plaintiff, ELIZABETH MARINARO, is an individual and a resident of Florida who, at all material times, resided in Naples, Florida. At all material times, MARINARO lived in Naples, Florida.

3. Defendant employed MARINARO beginning on June 3, 2024, in a full-time clinical spine-related role, including as a Physician Assistant / Clinical Specialist for Spine Surgery.

4. Defendant, ARTHREX, INC. ("Defendant" or "Arthrex"), is an employer located at 1370 Creekside Boulevard, Naples, Florida 34108, in Collier County, Florida.

5. At all material times, Defendant employed more than fifteen employees and was an employer within the meaning of Title VII and the FCRA.

6. ARTHREX, INC. as a Delaware corporation with its principal place of business in Naples, Florida.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's Title VII claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367. The Albright template pleads federal-question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367 for similar Title VII and FCRA claims.

8. Venue is proper in the United States District Court for the Middle District of Florida, Fort Myers Division, because Collier County is served by the Fort Myers Division.

9. Venue is proper because Plaintiff worked in Naples, Florida, Defendant conducts business in Naples, Florida, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida.

10. The EEOC issued Plaintiff's Determination and Notice of Rights on July 21, 2026, for Charge No. 510-2025-10446, notifying Plaintiff of her right to sue Defendant within ninety days of receipt. This Complaint is filed within the time required by law. A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.

## GENERAL ALLEGATIONS

11. MARINARO is a well-qualified medical professional who previously worked in neurosurgery at Johns Hopkins.

12. Defendant hired MARINARO on or about June 3, 2024.

13. Defendant employed MARINARO as a Physician Assistant.

14. Plaintiff's salary was approximately $186,000 per year.

15. Plaintiff received a performance bonus and a sign-on bonus during her employment.

16. MARINARO performed her job duties in a professional manner and maintained an unblemished disciplinary record.

17. Defendant recognized MARINARO for exceptional performance during her initial ninety-day evaluation in September 2024.

18. MARINARO received positive feedback from her supervisors, including her immediate supervisor, Dr. Michelle DiLella.

19. Before MARINARO purchased a home, Dr. DiLella assured her in writing that her employment was secure and that there were "No surprises, all good."

20. MARINARO is a female employee and is a member of a protected class based on sex.

21. MARINARO filed an EEOC charge alleging sex discrimination and retaliation in violation of Title VII.

22. During her employment, MARINARO experienced repeated instances of sex-based discrimination, including sexist remarks and treatment, public disparagement, and efforts to marginalize her participation in workplace discussions.

23. Marc Stoll, a male supervisor above Plaintiff's female immediate supervisor, told or caused Plaintiff to understand that she should conduct herself as "more an observer than a participant" during discussions where she was actively engaged and qualified to contribute.

24. On or about April 8, 2025, during the SAC spine annual conference, MARINARO provided relevant information about a DuraPlug

issue after colleagues urged her to contribute, but Mr. Stoll then disparaged her and insisted her role was to observe only.

25. During the SAC conference, MARINARO reported Mr. Stoll's sexist behavior to Dr. DiLella and stated that she intended to report sexism and discrimination to Human Resources, but Dr. DiLella dissuaded her from doing so.

26. On or about March 29, 2025, MARINARO conducted and instructed an Arthrex course during which a male surgeon mistreated her, and an Arthrex faculty surgeon intervened.

27. MARINARO described the discriminatory sexist incident in a written post-course report required by Arthrex.

28. After MARINARO submitted her written report concerning the March 29, 2025 course, Mr. Stoll minimized the report, ignored her responses, and took no remedial action.

29. Shortly before MARINARO's termination, Mr. Stoll questioned her about her sexism reports, including reports about him, and responded by admonishing her to "learn to read the room" and to "keep your ideas to yourself."

30. Defendant excluded MARINARO from teaching opportunities abroad and favored male colleagues for travel and training roles despite her spine-related expertise and qualifications.

31. Defendant selected male colleague Eric Johnson, who allegedly lacked live patient spine experience, to conduct a spine teaching session in Munich, Germany, while offering the stated rationale that he spoke German, even though the courses were conducted in English.

32. After MARINARO reported sexism and expressed concerns to supervisors, Defendant retaliated against her, including by firing her on June 4, 2025, for supposed “abrasive comments” without providing specific examples.

33. Before her termination, MARINARO had passed her ninety-day review, received positive evaluations and feedback, and had no prior warnings or discipline.

34. Defendant terminated MARINARO’s employment on June 4, 2025.

35. Defendant terminated MARINARO in close temporal proximity to her written complaint describing a male surgeon’s sexist mistreatment during the March 29, 2025 training course.

36. Dr. DiLella urged MARINARO not to report her sexism concerns to Human Resources.

37. After Defendant terminated MARINARO, Defendant promoted two male clinical specialists and replaced MARINARO with another newly hired male clinical specialist.

38. Following her termination, Defendant docked MARINARO's final paycheck, claiming she had to repay a relocation bonus, although MARINARO contends the money was a sign-on bonus and that she did not relocate for the job.

39. As a result of Defendant's conduct, MARINARO suffered lost wages and benefits, emotional distress, professional harm, and other damages.

**COUNT I - VIOLATION OF TITLE VII - SEX DISCRIMINATION**

45. Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth below.

46. At all relevant times, MARINARO was a member of a protected class as a female employee.

47. At all material times, MARINARO was an employee, and Defendant was her employer covered by and within the meaning of Title VII.

48. Defendant discriminated against MARINARO with respect to the terms, conditions, and privileges of employment because of her sex.

49. Defendant subjected MARINARO to sex-based disparate treatment, including marginalizing her contributions, dismissing her reports of sexism, denying her opportunities afforded to male colleagues, and terminating her employment.

50. Defendant treated similarly situated male employees more favorably than MARINARO, including by retaining and promoting male employees while terminating MARINARO.

51. Defendant's stated reasons for terminating MARINARO were pretextual.

52. Defendant conducted itself with malice or reckless indifference to MARINARO's federally protected rights.

53. Defendant's conduct altered the terms and conditions of MARINARO's employment, and MARINARO suffered adverse employment actions, including discriminatory treatment, denial of opportunities, termination, and related financial harm.

54. As a direct and proximate result of Defendant's violations of Title VII, MARINARO lost the benefits and privileges of her employment and suffered substantial injury to her career path.

55. As a direct and proximate result of Defendant's actions, MARINARO suffered damages, including loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, emotional distress, and other compensatory damages.

56. MARINARO exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and an award of back pay, front pay, lost benefits, reimbursement of financial losses, compensatory damages, punitive damages, prejudgment interest, reasonable attorney's fees and costs, and such other relief as this Court deems just and proper.

**COUNT II - VIOLATION OF TITLE VII - RETALIATION**

57. Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth below.

58. MARINARO engaged in protected activity under Title VII by reporting and opposing sex discrimination in the workplace, including reporting sexist treatment to supervisors and submitting a written post-course report concerning sexist mistreatment by a male surgeon.

59. Defendant knew or should have known that MARINARO engaged in protected activity.

60. Following MARINARO's protected activity, Defendant retaliated by altering the terms and conditions of her employment, including by subjecting her to heightened scrutiny, dismissing her complaints, discouraging her from reporting discrimination to Human Resources, issuing or relying on pretextual criticism, terminating her employment, and docking her final paycheck.

61. MARINARO's protected activity was the proximate cause of Defendant's adverse employment actions against her, including changed working conditions, termination, and financial harm.

62. Defendant's acts, failures to act, practices, and policies constitute retaliation in violation of Title VII.

63. Defendant acted willfully, intentionally, and with reckless indifference to MARINARO's federally protected rights.

64. As a direct and proximate result of Defendant's violations of Title VII, MARINARO lost the benefits and privileges of her employment and suffered substantial injury to her career path.

65. As a direct and proximate result of Defendant's actions, MARINARO suffered damages, including loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, emotional distress, and other compensatory damages.

66. MARINARO exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and an award of back pay, front pay, lost benefits, reimbursement of financial losses, compensatory damages, punitive damages, prejudgment interest, reasonable attorney's fees and costs, and such other relief as this Court deems just and proper.

## COUNT III - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT - SEX DISCRIMINATION

67. Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth below.

68. At all relevant times, MARINARO was a member of a protected class as a female employee within the meaning of the FCRA.

69. At all material times, MARINARO was an employee, and Defendant was her employer covered by and within the meaning of the FCRA.

70. Defendant discriminated against MARINARO with respect to the terms, conditions, and privileges of employment because of her sex.

71. Defendant subjected MARINARO to sex-based disparate treatment, including marginalizing her contributions, dismissing her reports of sexism, denying her opportunities afforded to male colleagues, and terminating her employment.

72. Defendant treated male employees more favorably than MARINARO, including by retaining and promoting male employees while terminating MARINARO.

73. Defendant's stated reasons for terminating MARINARO were pretextual.

74. Defendant conducted itself with malice or reckless indifference to MARINARO's protected rights under Florida law.

75. Defendant's conduct altered the terms and conditions of MARINARO's employment, and MARINARO suffered adverse employment actions, including discriminatory treatment, denial of opportunities, termination, and related financial harm.

76. As a direct and proximate result of Defendant's violations of the FCRA, MARINARO lost the benefits and privileges of her employment and suffered substantial injury to her career path.

77. As a direct and proximate result of Defendant's actions, MARINARO suffered damages, including loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, emotional distress, and other compensatory damages.

78. MARINARO exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and an award of back pay, front pay, lost benefits, reimbursement of financial losses, compensatory damages, punitive damages, prejudgment interest, reasonable attorney's fees and costs, and such other relief as this Court deems just and proper.

## COUNT IV - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – RETALIATION

79. Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth below.

80. MARINARO engaged in protected activity under the FCRA by reporting and opposing sex discrimination in the workplace, including reporting sexist treatment to supervisors and submitting a written post-course report concerning sexist mistreatment by a male surgeon.

81. Defendant knew or should have known that MARINARO engaged in protected activity.

82. Following MARINARO's protected activity, Defendant retaliated by altering the terms and conditions of her employment, including by subjecting her to heightened scrutiny, dismissing her complaints, discouraging her from reporting discrimination to Human Resources, issuing or relying on pretextual criticism, terminating her employment, and docking her final paycheck.

83. MARINARO's protected activity was the proximate cause of Defendant's adverse employment actions against her, including changed working conditions, termination, and financial harm.

84. Defendant's acts, failures to act, practices, and policies constitute retaliation in violation of the FCRA.

85. Defendant acted willfully, intentionally, and with reckless indifference to MARINARO's protected rights under Florida law.

86. As a direct and proximate result of Defendant's violations of the FCRA, MARINARO lost the benefits and privileges of her employment and suffered substantial injury to her career path.

87. As a direct and proximate result of Defendant's actions, MARINARO suffered damages, including loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, emotional distress, and other compensatory damages.

88. MARINARO exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and an award of back pay, front pay, lost benefits, reimbursement of financial losses, compensatory damages, punitive damages, prejudgment interest, reasonable attorney's fees and costs, and such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Demand is hereby made for a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: October 14, 2026

**s/ Benjamin H. Yormak**__________

Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW

27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com